UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CICI MATTIUZZI,

           Plaintiff,

   v.

BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY and EMIR JOSE MACARI,

           Defendants.

                                      /

NO. CIV. 2:11-1345 WBS

ORDER

----oo0oo----

        Plaintiff has filed an Ex Parte Application to Continue Pretrial Conference and Trial Dates (Docket No. 14) in this action.  Defendants oppose the request (Docket No. 23).  By the Status (Pretrial Scheduling) Order filed October 19, 2011 (Docket No. 13), the Pretrial Conference is presently set for January 7, 2013, and the trial is set for March 19, 2013.

        A Scheduling Order will not be amended without a showing of good cause.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).  Here, plaintiff seeks to justify her

1

request by showing that on October 12, 2012 one of the defendants, Emir Jose Macari, filed a petition in bankruptcy, and that plaintiff has decided to hire a new attorney who will not be available on the dates presently set for the pretrial conference and trial.

The court is not impressed that plaintiff's decision to retain a new attorney constitutes good cause to continue the pretrial conference and trial dates which have been firmly established for more than fourteen months.  Plaintiff is certainly entitled to retain new counsel of her choice, but if she wishes to do so it is her responsibility to select one who can be available for the already scheduled pretrial conference and trial.  Although plaintiff summarily refers to "irreconcilable difference" with her present counsel, there is no sufficient explanation of the nature of those differences or when they arose.  This kind of allegation is all too typical in cases where a party simply seeks delay for other unrelated reasons.  If this were the only reason offered for the requested continuance, the court would deny it.

However, under the provisions of 11 U.S.C. § 361(a), this court is precluded from continuing with this action as against defendant Emir Macari unless and until his bankruptcy has been finally adjudicated or relief has been obtained from the automatic stay.  See Dean v. Trans World Airlines, Inc., 72 F.3d 754 (9th Cir. 1995).  Neither side has suggested proceeding with this action as against the remaining defendant, Board of Trustees of the California State University, only.  Because it appears that Macari's Chapter 13 bankruptcy is still pending and that no

relief has been obtained from the automatic stay of § 361(a), this court is without authority to proceed with either the pretrial conference or trial as against him in this matter.

      IT IS THEREFORE ORDERED that this action be, and the same hereby is, STAYED pending the bankruptcy proceedings of defendant Emir Macari.  All pending dates are vacated.

DATED:  January 2, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE